# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ARTHUR PHILLIPS #355-107  
    Plaintiff          :

v.                         :         CIVIL ACTION NO. DKC-13-823

J. MICHAEL STOUFFER,      :  
  COMMISSIONER, et al.,  
    Defendants    :

## MEMORANDUM OPINION

On March 18, 2013, the Clerk received a civil rights complaint pursuant to 42 U.S.C. § 1983 filed on behalf of Arthur Phillips, a Maryland Division of Correction (hereinafter "DOC") prisoner housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland.[1] Plaintiff seeks money damages and declaratory and injunctive relief and alleges serious breathing problems due to deficiencies in the prison ventilation system. ECF No. 1.

For the following reasons the Motion to Dismiss or, in the Alternative, Motion for Summary Judgment filed on behalf of Defendants, as supplemented (ECF Nos. 20 and 22), construed as a Motion for Summary Judgment, will be granted[2] and Plaintiff's Motion for Class Action Certification (ECF No. 31) shall be denied,[3] the court having determined that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

---

[1] The Complaint and all subsequent pleadings filed on behalf of Phillips appear to be written by Gregory Marshall, a frequent prison litigator known to this court. Phillips' signature does appear on the pleadings.

[2] Plaintiff's opposition response and supplementation thereto (ECF Nos. 29 and 32) have been fully considered. In reviewing the motion for summary judgment, Plaintiff's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] The request for class certification is unavailing. Under Fed. R. Civ. Proc. 23(b) this court may certify an action as a class action after the prerequisites of Rule 23(a)[3] are satisfied, and

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B)

Background

Plaintiff, who is self-represented, alleges that cell windows on Housing Unit 1 are bolted shut during winter, thus preventing prisoners from breathing fresh air and subjecting them to unintended exposure to pepper spray when it is used on the tier. He also alleges that the housing unit's water supply was interrupted on March 4, 2013, during a water main break, leaving him without access to laundry services, drinking water, and flushing toilets during much of that day. ECF No. 1.

Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.

---

adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

There has been no showing that a class action certification for prisoners housed last winter on Unit 1 would result in a more efficient adjudication of the claims raised, nor is this court convinced that any inconsistent adjudications will result if this action is not certified as a class action. Indeed, the court is unaware of additional lawsuits filed concerning the claims raised by Plaintiff. Moreover, the Fourth Circuit has consistently held that "this circuit does not certify a class where a pro se litigant will act as representative of that class." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Fowler v. Lee*, 18 Fed.Appx. 164 (4th Cir. 2001).

The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [its] favor," *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

Analysis

Defendants claim that the allegations contained in the Complaint must be dismissed in their entirety due to Plaintiff's failure to exhaust administrative remedies. The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

Plaintiff is subject to the strict requirements of the exhaustion provisions; the fact that other prisoners on his tier have filed administrative grievances concerning the conditions alleged in the Complaint do nothing to cure his failure to file such grievances on his own behalf. It is of no consequence that he is aggrieved by single occurrences, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure, *see Booth v. Churner*, 532 U.S. 731, 741 (2001), and a claim which has not been exhausted may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. *See id.* 478 F.3d at 1225; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir.2006). Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules, so that prison officials have been given an opportunity to address the claims administratively. *Id.* at 87. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008).

Thus, Plaintiff's unexhausted claims must be dismissed, unless he can show that he, personally, has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003). The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md.1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir.2003) (noting that a prisoner must appeal administrative

4

rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir.2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

Maryland provides a three-step grievance process: request for administrative remedy to the Warden of the institution (commonly referred to as an ARP); an appeal of administrative dismissal to the Commissioner of Corrections; and submission of the grievance to the Inmate Grievance Office (IGO).[4] *See Chase,* 286 F. Supp. 2d at 529. Plaintiff concedes that he did not file grievances concerning the violations alleged in his Complaint, but argues that he was not required to do so because the conditions created "imminent danger." ECF No. 29, p. 5. The fact that he frequently requires lozenges due to a chronic sore throat (*id.,* Ex. 11) does not provide sufficient reason to support that argument concerning non-exhaustion and does not suffice to merit an award of injunctive relief on behalf of prisoners who may be housed in Unit 1 in the future (sought in ECF No. 32).

A separate Order shall be entered in accordance with this Memorandum Opinion.

January 15, 2014                                _____/s/_____
                                                                       DEBORAH K. CHASANOW
                                                                       United States District Judge

---

[4] An appeal to the IGO must be filed within thirty days following an unfavorable decision from the Commissioner. *See* Md. Code Ann., Corr. Serv. Art. §10-206 and COMAR, Title 12 § 07.01.03.